CONCURS IN JUDGMENT ONLY, SAYING:
 {¶ 23} I would sustain assignment of error number three and reverse and remand for the trial court to use the proper standard of review. InWhite v. Cty. of Summit, 9th Dist. No. 21152, 2003-Ohio-1807, at ¶ 10-11, this Court found that the trial court used the wrong standard of review and that, therefore, the judgment was erroneous as a matter of law. In that case, the trial court found that the administrative decision was supported by "reliable, probative and substantial" evidence. On appeal, this Court said this was erroneous as a matter of law, because the proper standard of review in a R.C. Chapter 2506 appeal was whether the decision was supported by a "preponderance" of substantial, reliable, and probative evidence. The case was remanded for the trial court to apply the correct standard.
 {¶ 24} This case presents with the same scenario and should not be treated any differently. The trial court here used the wrong standard of review by finding City Council's decision was supported by reliable, probative, and substantial evidence instead of by a "preponderance" of such evidence. As this Court said in White, this is erroneous. The matter should be remanded for the trial court to reexamine the evidence under the proper standard.
 {¶ 25} It is not our function as an appellate court to make the decision for the trial court by determining for the first time that City Council's decision was not supported by a "preponderance of the reliable, probative, and substantial" evidence. If the trial court were given the opportunity to reexamine the evidence under the correct standard of review, it may or may not reach the same conclusion. Nonetheless, our role is to give the trial court the first opportunity to do so instead of reaching the decision ourselves.
 {¶ 26} I would reverse and remand to the trial court to consider the appeal using the appropriate standard of review just as we did in White.